Filed 10/26/20  P. v. Otterson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERIC LEE OTTERSON,<br><br>Defendant and Appellant. | C091274<br><br>(Super. Ct. Nos. 19FE017250,<br>19FE004098) |

Appointed counsel for defendant Eric Lee Otterson asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In March 2019, defendant took a vehicle valued at over $950, with the intent to permanently or temporarily deprive the victim of the vehicle.  Defendant pleaded no contest to violating Vehicle Code section 10851, subdivision (a), and admitted a prior

conviction for the same offense (Pen. Code, § 666.5, subd. (a)).[1]  (Case No. 19FE004098)  Defendant also admitted a violation of probation.  (Case No. 16FE009096)  The trial court sentenced defendant to a split sentence of two years consisting of 18 months in custody and six months on mandatory supervision, but suspended execution of the sentence to allow defendant to participate in the drug court program.  The trial court also imposed various fines and fees.  The remaining charges were dismissed on the People's motion.

In September 2019, defendant willfully evaded a pursuing peace officer.  Defendant drove through a residential neighborhood at 50 to 70 miles per hour, ran several stop signs and red lights, drove on the opposite side of the road, crashed into a tree, fled officers on foot, and resisted arrest.  Defendant pleaded no contest to willfully evading police with wanton and reckless disregard (Veh. Code, § 2800.2, subd. (a)) and misdemeanor resisting arrest (§ 148, subd. (a)(1)).  (Case No. 19FE017250)  He also admitted a violation of probation.  (Case No. 16FE009096)

The trial court sentenced defendant to two years for the willful evading offense as the principal term, resentenced defendant to a consecutive eight months (one-third the midterm) on the unlawfully taking a vehicle offense as a subordinate term, and imposed an additional concurrent year for the probation violation.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days elapsed and we received no communication from defendant.

---

[1] Undesignated statutory references are to the Penal Code.

2

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/S/
_____
MAURO, J.

We concur:

/S/
_____
ROBIE, Acting P. J.

/S/
_____
KRAUSE, J.